United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VIRGINIA L. MORRIS | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-284 |
| | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 20, 2016, the report of the Magistrate Judge (Dkt. #16) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security ("Commissioner") be affirmed. Having received the report of the Magistrate Judge (Dkt. #16), having considered Plaintiff Virginia Morris's ("Plaintiff") timely filed Objections (Dkt. #17), the Commissioner's Response to the Objections (Dkt. #18) and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #16) as the findings and conclusions of the Court.

**BACKGROUND**

The facts in this case originate from an appeal of the Commissioner's decision in a social security disability insurance and supplemental security income benefits case. The facts have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #16). The relevant procedural history is as follows: on August 3, 2012, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income

("SSI") under Title II and Title XVI of the Social Security Act ("Act") alleging an onset disability date of September 1, 2007 (TR at 136-45). Therein, Plaintiff alleged impairments of cervical and lumbar disk disease, arthritis, depression, anxiety, and obesity (TR at 240-54, 314-23, 365-89, 437-47). Plaintiff's claims were initially denied by notice on October 3, 2012, and again denied upon reconsideration on January 29, 2013 (TR at 74, 78, 85, 88). Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on January 15, 2014 ("Hearing") (TR at 42, 57-71, 91). Testimony was provided by Plaintiff and vocational expert Russel B. Bowden ("Vocational Expert") (TR at 42, 57-71). On March 11, 2014, the ALJ issued a decision denying benefits, finding Plaintiff not disabled at step five of the sequential evaluation process (TR at 27-36). On May 5, 2014, Plaintiff requested Appeals Council review of the ALJ's decision, and on March 6, 2015, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner (TR at 1-8, 232). On April 27, 2015, Plaintiff filed her Complaint in this Court (Dkt. #1). On June 20. 2016, the Magistrate Judge issued a report and recommendation (Dkt. #16). On July 5, 2016, Plaintiff filed Objections to Report and Recommendation of Magistrate Ruling (Dkt. #17). On July 15, 2016, Commissioner filed a Response to the Objections (Dkt. #18).

## PLAINTIFF'S OBJECTIONS

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to each of the ultimate findings of the Magistrate Judge and specifically argues that (1) the Magistrate Judge improperly reversed the burden of proof at step five;

(2) the Magistrate Judge incorrectly found the failure to adhere to SSR 82-41 was harmless error; and (3) Ninth Circuit precedent *Lounsburry v. Barnhart* dictates that identification of a single job in the national economy cannot satisfy the Commissioner's burden at step five in this case, making the Magistrate Judge's finding that substantial evidence supported the ALJ's Determination at step five incorrect (Dkt. #17).

*Objection #1: Burden of Proof at Step Five*

Plaintiff asserts that the Magistrate Judge improperly reversed the burden of proof at step five (Dkt. #17 at 1, 3-4). Plaintiff's argument is premised on the statement in the Magistrate Judge's Report and Recommendation that "Plaintiff has not provided evidence that the position of insurance clerk forms an insignificant portion of the 80,000 jobs in Texas" (Dkt. #16 at 1, 3-4; Dkt. #17 at 1, 3-4). Plaintiff argues this statement reflects that the Magistrate Judge shifted and improperly placed the burden on Plaintiff at step five of the sequential evaluation (instead of on the Commissioner) (Dkt. #17 at 1, 3-4).

At step five, a claimant who cannot return to his or her past work is not disabled if he or she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f). The burden at step five is squarely on the Commissioner to show that there is other work in the national economy that a claimant can perform. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). However, once the Commissioner has made the requisite showing at step five "the burden shifts back to the claimant to rebut this finding." *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000) (finding burden shifts back to claimant after Commissioner has made requisite showing at step five); *see also Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (explaining ultimate burden of proof is on claimant during sequential evaluation, notwithstanding that burden at step five shifts to Commissioner).

Here, the Magistrate Judge correctly recognized that the burden shifts to the Commissioner at step five (as evidenced by the Magistrate Judge's statements at Part III(1)); and the statement referenced by Plaintiff, taken in context, merely correctly reflects that, should the Commissioner satisfy this burden there is a further shifting of the burden to the claimant (Dkt. #16 at 7-8). Specifically, the Magistrate Judge found that the Commissioner met her burden at step five by identifying that Plaintiff could perform the occupation of insurance clerk (Dictionary of Occupational Titles ("DOT") 219.367-014, sedentary, semi-skilled, SVP of 5), with "80,000 positions in the Texas economy, and over 800,000 nationally, of semi-skilled clerical jobs related to the types of work [Plaintiff has] done in the past" (Dkt. #16 at 21-29). The Magistrate Judge then went on to recognize that, once the Commissioner has met her burden, it is incumbent on Plaintiff to refute such evidence at step five (Dkt. #16 at 21-29). Negation of Commissioner's evidence may, as the Magistrate Judge suggests, include evidence undermining the number of jobs identified by the Commissioner, which Plaintiff did not provide here (Dkt. #16 at 21-29). *Thomas v. Astrue*, No. 1:10-CV-472-HSO-JMR, 2012 WL 3544837, at *6 (S.D. Miss. July 31, 2012) (rejecting claimant's arguments challenging whether the number of jobs in the national and state economy was significant). Thus, the Magistrate Judge's statement, in context, reflects the correct burden of proof shifting at step five.

*Objection #2: Harmless Error*

Plaintiff's next objection argues that the Magistrate Judge erred in finding that the ALJ's failure to strictly adhere to SSR 82-41 is harmless error (Dkt. #17 at 2-3). Specifically, Plaintiff reiterates her opening brief assertions that the ALJ committed a facial violation of SSR 82-41 by failing to identify the specific transferable skills Plaintiff acquired from her past relevant work (Dkt. #17 at 2-3). Social Security Ruling 82-41 states:

> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision. Evidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy should be included (the regulations take administrative notice only of the existence of unskilled sedentary, light, and medium jobs in the national economy). This evidence may be VS statements based on expert personal knowledge or substantiation by information contained in the publications listed in regulations sections 404.1566(d) and 416.966(d). It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court.

SSR 82-41, 1975-1982 Soc.Sec.Rep.Serv. 847, 1982 WL 31389, at *7 (S.S.A. 1982) (hereinafter "SSR 82-41"). The Magistrate Judge agreed with Plaintiff that the ALJ committed a facial violation of SSR 82-41 because the ALJ did not expressly list Plaintiff's transferrable skills in the Determination (Dkt. #16 at 11-14). Notwithstanding, the Magistrate Judge found that the violation of SSR 82-41 was harmless error because: (1) the transferrable skills were identified by the ALJ by reference to the vocational expert's testimony specifically listing the transferrable skills; and (2) the specific occupations to which the acquired work skills are transferrable were properly identified in the ALJ's decision (Dkt. #16 at 11-14, 21-29).

The Fifth Circuit has held that procedural perfection in administrative proceedings is not required and any variation amounts to harmless error that is not grounds for reversal, unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). "[P]rocedural improprieties . . . will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Alexander v. Astrue*, 412 F. App'x 719, 722 (5th Cir. 2011) (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "A claimant establishes the requisite prejudice by showing

that, 'if the ALJ had fully developed the record,' additional evidence would have been produced that 'might have led to a different decision.'" *Id*. (quoting *Newton*, 209 F.3d at 458).

Here, even in the presence of the SSR 82-41 error, there is substantial evidence to support the ALJ's Determination. Specifically, although the transferrable skills were not expressly listed within the ALJ's Determination, the ALJ identified the transferrable skills by reference to the Vocational Expert testimony at Hearing (TR at 34, 59-64) ("[T]he claimant has acquired job skills from the past work that transfer to sedentary jobs…The vocational expert testified to this effect at the hearing. . ."). More specifically, the Vocational Expert testified at Hearing that:

> Ms. Morris's primary work was as a customer service rep. She worked in a call center for, initially it was GTE and then it switched to Verizon. The records indicate she worked from 1998 to 2004 in this capacity. This would be considered a semi-skilled job, SVP of 4, sedentary in exertional requirements. The DOT code is 49.362-022. Records indicate she did go back and work for approximately two months in eight of '07 and nine of '07 doing similar work as a customer service clerk for an insurance company. And that was the last period of employment we have…

(TR at 58-59). The Vocational Expert also testified that Plaintiff could perform the following positions in the national economy:

> an invoice clerk, DOT code 214.462-026, SVP of 4, which is semi-skilled and sedentary. Another example would be a routing clerk, R-O-U-T-I-N-G, SVP of 3, semi-skilled, sedentary, 249.367-010. Another example would be an insurance clerk, SVP of 5, semi-skilled, sedentary, 219.367-014. **These are all positions that would utilize some basic data entry skills, clerical skills, record keeping skills that she's done in her past work as a customer service rep,** but would involve not nearly the interaction with the public, certainly not in person and fall within that occasional contact with the public, as opposed to a call center person where're you're dealing with them all day. And in terms of numbers, we're looking at well over 80,000 positions in the Texas economy, and over 800,000 nationally, of semi-skilled clerical jobs related to the types of work [Plaintiff has] done in the past…[degree of vocational adjustment] would be minimal, your honor, **it's the same work environment, office and clerical setting. In the case of like the insurance clerk, she was a customer service person for an**

> **insurance company, so same industry, same work environment, same basic work procedures.** So that's usually what you look at in terms of adjustability or how well can one transfer in terms of minimum adjustment. And so I would say minimal adjustment.

(TR at 61-64) (emphasis added). The Vocational Expert's testimony unequivocally references Plaintiff's past relevant work and the skills transferred from her past relevant work, "basic data entry skills, clerical skills, record keeping skills" (TR at 59-64). Further, the Vocational Expert specifically analyzed the degree of vocational adjustment, calling it minimal, and stating that the insurance clerk position is the same industry, work environment, and basic work procedures as Plaintiff's past relevant work as a customer service representative for an insurance company (TR at 59-64). The Vocational Expert's Testimony, which was expressly referenced by the ALJ in the Determination, combined with Plaintiff's own testimony at Hearing regarding her past relevant work, as well as the various work reports describing Plaintiff's past relevant work, provide more than substantial evidence to support the ALJ's Determination that Plaintiff has transferrable skills (TR at 48-64, 173). *Burton v. Soc. Sec. Admin.*, No. CIVA 13-661, 2014 WL 775616, at *13 (E.D. La. Feb. 25, 2014) (finding ALJ may properly rely on vocational expert with respect to transferrable skills even if transferrable skills are not listed in the decision); *Tucker v. Barnhart*, 130 F. App'x 67, 68 (8th Cir. 2005) (unpublished) (stating ALJ properly relied on vocational expert testimony that Plaintiff had transferrable skills); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985) (stating ALJ's determination must be supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). The Court therefore finds the violation of SSR 82-41 to be harmless error.[1]

---

[1] Plaintiff's argument regarding post-hoc rationalizations is misplaced (Dkt. #17 at 2). Contrary to Plaintiff's assertions, the Vocational Expert expressly identified Plaintiff's transferrable skills and applied them to the position of insurance clerk (Dkt. #17 at 2; TR at 59-64). Plaintiff's transferrable skills are contained within the ALJ's Determination by reference to the Vocational Expert's Testimony; it is not a post-hoc rationalization for the

*Objection #3: 9th Circuit Precedent*

Plaintiff's final objection asserts that the Magistrate Judge improperly found that substantial evidence supported the ALJ's Determination at step five that Plaintiff could perform a significant number of jobs in the national economy (Dkt. #17 at 3-4). Specifically, Plaintiff argues that her case is identical to *Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006), requiring a finding of disability here, because the ALJ identified only a single occupation and not a "significant range" of semi-skilled and skilled jobs at step five (Dkt. #17 at 3-4).

The Court notes initially that *Lounsburry* is a Ninth Circuit case, and therefore merely persuasive authority. *Lounsburry*, 468 F.3d 1111. Moreover, while the Fifth Circuit has not addressed this issue directly, the district courts in this circuit have not used a bright-line standard for what constitutes a "significant number" of jobs in the national economy. Rather, such courts have left this determination to a trial judge's discretion upon a pragmatic consideration of both the number of DOT occupations identified, and the number of jobs available. *See e.g., Mercer v. Halter*, No. Civ.A.4:00-CV-1257-BE, 2001 WL 257842, at *6 (N.D. Tex. Mar.7, 2001) (noting that the question of whether work exists in significant numbers "has been left to the trial judge's common sense in the face of the statutory language and a particular fact situation" and noting a variety of different numbers of jobs that have been found to be a "significant number" under such test); *Davis v. Astrue*, No. 3-06-CV-883-B, 2008 WL 517238, *3-6 (N.D. Tex. Feb 28, 2008) (finding that the "significant numbers" decision is a factual determination). A "significant number" of jobs may therefore exist even in the presence of only one occupation so long as there are a large number of such positions available. *Gaspard v. Soc. Sec. Admin. Com'r*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009)

---

Commissioner to identify information and conclusions in the Determination and contained in the Administrative Record relied upon by the ALJ.

(stating that even one job may be sufficient to show a "significant number" exist); 20 C.F.R. §§ 404.1566, 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations)). Following the persuasive authority of the district courts of this circuit, the Magistrate Judge's finding is correct. Here, the ALJ at step five properly found that, given Plaintiff's residual functional capacity, Plaintiff could perform the job of insurance clerk in the national economy, a semi-skilled sedentary job (TR at 34-35). Further, the ALJ found that the job of insurance clerk (and similar positions) "represent semi-skilled clerical jobs[,] of which there are approximately 80,000 jobs in Texas and 800,000 nationally" and such positions "would require minimal vocational adjustment; and require only occasional contact with the public" (TR at 34-35).[2] *Mercer*, 2001 WL 257842, at *6 (collecting cases in which as little as 174, 500, 650-900, and 1400 jobs respectively in the region in which a claimant lives have been found "significant").

Additionally, even if the Court utilized the Ninth Circuit's standard set forth in *Lounsburry*, Plaintiff would still be found not disabled. In *Lounsburry*, on which Plaintiff relies, the claimant, an individual of advanced age with transferrable skills, was limited to <u>light</u> work and had been found not disabled at step five by the ALJ. *Lounsburry*, 468 F.3d at 1116-17. The Ninth Circuit therein, relying on the language of Medical Vocational Guideline ("GRID") 202.00 (c), pertaining to light work, found that the Commissioner must show not only a "significant number" but a significant range of semi-skilled or skilled work that is within the

---

[2] Other circuits have acted similarly to the district courts of the Fifth Circuit, including in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004). (affirming the ALJ's analysis at step five but remanding on other grounds where the vocational expert identified 50,000 semi-skilled clerical jobs that claimant can perform, including example jobs of order clerk, information clerk, account information clerk, stock and inventory clerk, and shipping and receiving clerk). Here, as in *Wilson*, the ALJ's "substantial number" of jobs finding was therefore not based solely on the availability of the example jobs identified (invoice-control clerk, routing clerk, and insurance clerk here); rather, such findings noted the broad category of semi-skilled clerical jobs allowing for occasional talking (including insurance clerk) that exist in the national economy (Dkt. #16 at 27-30; TR at 34-35). see also *Markwell v. Sec'y of Health & Human Servs.*, 848 F.2d 192 (6th Cir. 1988) (unpublished) (finding identification of the category of semi-skilled clerical jobs, rather than a specific job, was supported by substantial evidence).

9

individual's functional capacity. *Id.* (finding that GRID 202.00 sub-planted the general requirement to show a "significant number" of jobs available). The court then went on to find that the claimant was disabled, because Commissioner could identify only one job, not a "<u>significant range of jobs,</u>" which claimant could perform. *Id.*

However, less than two years later, in *Tommasetti v. Astrue*, 533 F.3d 1035, 1042-44 (9th Cir. 2008), the Ninth Circuit again considered the standard at step five for individuals of advanced age, with a high school education and semi-skilled or skilled past relevant work. In *Tommasetti*, the claimant was an individual of advanced age with transferrable skills and limited to <u>sedentary</u> work. *Id.* The court, noting the precedent in *Lounsburry*, explained that the *Lounsburry* holding was based on the presence of the language "significant range" in GRID 202.00, applicable only to light work. *Id.* Further, the court distinguished *Lounsburry*, finding that GRIDS 201.07 and 201.00, applicable to the sedentary exertion work included in the claimant's residual functional capacity, do not contain the "significant range" language. *Id.*; *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 2 § 201.00 and 201.07. Therefore, the court found that the general language in 20 C.F.R. §§ 404.1566 and 416.966(b), requiring a "significant number" of jobs be identified, controlled where an individual is of advanced age, has transferrable skills, semi-skilled or skilled past relevant work, and is limited to sedentary exertion work. *Tommasetti*, 533 F.3d at 1042-44; *Lounsburry*, 468 F.3d at 1116-17. Applying the "significant number" language to the claimant's case, the one job in the national economy identified by the vocational expert and ALJ, that of semiconductor assembler, for which there were 100,000 jobs nationally and 9,000 jobs regionally, was enough to meet the Commissioner's burden to show a "significant number" of jobs at step five. *Tommasetti*, 533 F.3d at 1038, 1043-44.

The Magistrate Judge's analysis and discussion of the GRIDS does not reflect the distinction between the "significant number" and "significant range" language found in GRID 202.00 and 201.00; however such failure does not change the outcome here (Dkt. #16 at 28-30). Plaintiff's residual functional capacity was limited to sedentary exertion work after December 1, 2012 (the relevant time period) (TR at 31-36). As in *Tommasetti*, GRIDS 201.00, 201.07 and 201.15 apply, rather than GRID 202.00, a fact expressly noted by the ALJ (TR at 35-36). *Tommasetti*, 533 F.3d at 1042-44. GRID 201.00 contains no "significant range" limitation, and therefore the more general "significant numbers" language of 20 C.F.R. §§ 20 C.F.R. §§ 404.1566 and 416.966(b) applies. *Tommasetti*, 533 F.3d at 1042-44. Thus, similar to *Tommasetti*, the Commissioner need only show a "significant number" of jobs in the national economy; and such criteria was satisfied by the Vocational Expert's identification of a wide category of semi-skilled clerical jobs Plaintiff can potentially perform, with 80,000 jobs in Texas and 800,000 jobs nationally, including the job of insurance clerk (TR at 34-36). *Tommasetti*, 533 F.3d at 1042-44.

Accordingly, the Court holds that the ALJ correctly found at step five that Plaintiff is not disabled because she can perform semi-skilled clerical jobs such as insurance clerk, which exist in "significant numbers" (80,000 in Texas, 800,000 nationally) in the national economy. Each of Plaintiff's Objections is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #16), having considered Plaintiffs' timely filed Objections (Dkt. #17), the Commissioner's Response to the Objections (Dkt. #18) and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #16) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

SIGNED this 30th day of August, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE